William W. OATES, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3109.

United States Court of Appeals, Federal Circuit.

DECIDED: Dec. 5, 2003.

Before MAYER, Chief Judge,
MICHEL, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

William W. Oates petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that dismissed his appeal for lack of jurisdiction on the ground that it was untimely. No. DA–0752–02–0450–I–2, 93 M.S.P.R. 305, 2002 WL 31499189 (M.S.P.B. Nov. 1, 2002). We *affirm.*

## DISCUSSION

### I.

Mr. Oates worked as a Toolmaker Foreman at the Department of the Army's ("agency's") Pine Bluff Arsenal in Pine Bluff, Arkansas. Effective December 11, 1994, he was detailed to a lower level position, but without a loss of pay. Mr. Oates retired on disability effective January 31, 1997.

On April 17, 2002, Mr. Oates filed an appeal with the Board. In it, he alleged that his detail to another position in 1994 actually was an improper demotion pursuant to a reduction in force ("RIF") and that his disability retirement in 1997 had been involuntary. On August 30, 2002, the administrative judge ("AJ") to whom the case was assigned dismissed Mr. Oates' appeal for failure to demonstrate good cause for his untimely filing. The AJ's initial decision became the final decision of the MSPB when the Board denied Mr. Oates' petition for review.

### II.

We will affirm the Board's decision unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Stearn v. Dep't of the Navy,* 280 F.3d 1376, 1380 (Fed.Cir. 2002).

■   Generally, an appellant must file an appeal with the Board within 30 days of the effective date of the action being challenged. 5 C.F.R. § 1201.22(b) (2003). Mr. Oates' appeal was filed more than seven years after his alleged demotion and more than five years after his alleged involuntary retirement. Accordingly, it was untimely.

■   An untimely appeal must be dismissed unless the appellant can show good cause under 5 C.F.R. § 1201.12. To establish good cause, a party must show that he exercised due diligence and ordinary prudence under the particular circumstances of the case. *Alonzo v. Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980). The factors to be considered in determining good cause include: (1) the length of the delay;

(2) the reasonableness of the appellant's excuse and his showing of due diligence; (3) whether the appellant is proceeding *pro se;* and (4) whether the appellant has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *See Abney v. Office of Personnel Management,* 89 M.S.P.R. 305, 308 (2001) *aff'd,* 41 Fed. Appx. 421 2002 WL 1541653 (Fed.Cir. 2002). The appellant has the burden of proof with respect to showing timeliness under 5 C.F.R. § 1201.56(a)(2)(ii) and 1201.22(c).

The Board found that "the appellant's more than five-year and seven-year delay, respectively, was not minimal." The Board also correctly noted that the more the appellant delays, the less likely the equities will weigh in his favor. *Jones v. U.S. Postal Service,* 65 M.S.P.R. 306, 311 (1994) (citing *Clark v. U S. Postal Service,* 989 F.2d 1164, 1170 (Fed.Cir.1993)).

Mr. Oates focuses on his alleged demotion. He asserts that he had no reason to file an appeal until he learned that there had existed a position to which he could have been transferred. However, in light of *Krizman v. MSPB,* 77 F.3d 434, 439 (Fed.Cir.1996), this argument is not compelling. In *Krizman,* we stated that "[t]he board is not required to find good cause for an untimely appeal whenever an employee claims that the agency failed to provide him with all the information he regards as pertinent to his decision whether to challenge the agency action." *Id.*

In addition, Mr. Oates' allegations with respect to the alleged RIF were unspecific. He stated that he learned that Gary Turner, an employee in a lower-graded position in the Pipe Shop, was moved into a WS–11 position, but he did not identify the position by name or state even an approximate date on which the alleged reassignment occurred. In response to his appeal, the agency stated that no RIF actions were taken before 1997, and it denied there was a WS–11 vacancy to which Mr. Oates could have been assigned. The agency further stated that the employee to whom Mr. Oates referred remained in a specific position, which was upgraded to a WS–11 grade in March 1996, following the addition of duties and a change in the position's title. Before the Board, Mr. Oates failed to respond to these assertions. Finally, the AJ correctly noted that Mr. Oates "has made no showing of specific circumstances beyond his control that affected his ability to timely file his appeal, nor did he make any showing of unavoidable casualty or misfortune, or excusable neglect."

Based upon the foregoing, we find no error in the Board's decision that Mr. Oates failed to establish good cause for the untimely filing of his appeal.

No costs.