## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL MALLONEE,
            Appellant,

            v.

DEPARTMENT OF THE INTERIOR,
            Agency.

DOCKET NUMBER
DE-1221-16-0063-W-1

DATE: May 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Mallonee, Conyers, Georgia, pro se.

Glenn Himebaugh, Albuquerque, New Mexico, for the agency.

Kevin Mack, Sacramento, California, for the agency.

Teresa M. Garrity, Esquire, Bloomington, Minnesota, for the agency.

Rachel Wieghaus, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's findings concerning the appellant's protected disclosures and contributing factor and to VACATE the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions against the appellant absent his protected disclosures, we AFFIRM the initial decision.

## BACKGROUND

The appellant was formerly employed by the agency's Bureau of Indian Education (BIE) as an Assistant Principal at the Cheyenne Eagle Butte School (CEBS), an elementary school located on the Cheyenne River Indian Reservation in Eagle Butte, South Dakota, until he was terminated during his probationary period, effective May 4, 2012. Initial Appeal File (IAF) Tab 1 at 1, Tab 11 at 11, Tab 19 at 11. On November 4, 2015, he filed an IRA appeal alleging that, in reprisal for various protected disclosures he made, the agency: (1) subjected him to a hostile work environment; (2) threatened to charge him as absent without leave (AWOL) for failure to provide acceptable medical documentation;

(3) terminated his employment; and (4) failed to select him for numerous positions. IAF, Tab 1 at 13-15, Tab 9.

After holding the appellant's requested hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action. IAF, Tab 180, Initial Decision (ID). The administrative judge found that the appellant established by preponderant evidence that he made the following protected disclosures to the agency's Office of Inspector General (OIG) on March 28, 2012, and to the BIE Associate Deputy Director on or about April 14, 2012: (1) he reported unsafe building conditions at CEBS to the Occupational Safety and Health Administration on February 29, 2012; and (2) he disclosed that an acting kindergarten assistant principal at CEBS lacked necessary certification to an educational consulting firm on or about February 29, 2012. ID at 5-6, 17-20.

However, the administrative judge found that the appellant failed to establish that his protected disclosures were a contributing factor in any of the agency's personnel actions. ID at 22-26. The administrative judge found that the appellant's protected disclosures all occurred after the February 21, 2012 threatened AWOL and, thus, could not have been a contributing factor in the agency's action. ID at 23. Regarding the appellant's termination, the administrative judge found that the appellant failed to present any evidence that the Principal who took the action was aware of his protected disclosures. ID at 23-25. Similarly, regarding the appellant's nonselections, the administrative judge found that he failed to prove that the individuals who made the decisions not to select him were aware of his prior protected disclosures. ID at 25-26. Alternatively, the administrative judge found that the agency proved by clear and convincing evidence that the agency would have taken the same personnel actions against the appellant absent his protected disclosures. ID at 26-30.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has opposed the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly found that the appellant failed to prove that his alleged disclosures that he was harassed amounted to protected disclosures.</u>

To prove that a disclosure is protected, an appellant must prove by preponderant evidence[2] that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by him could reasonably conclude that the matter disclosed evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016).[3] An abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Herman v. Department of Justice*, 115 M.S.P.R. 386, ¶ 11 (2011). Harassing or intimidating employees may constitute an abuse of authority. *See, e.g.*, *Herman*, 115 M.S.P.R. 386, ¶ 11; *Swanson v. General Services Administration*, 110 M.S.P.R. 278, 285 n.* (2008); *Pasley v. Department of the Treasury*, 109 M.S.P.R. 105, ¶ 18 (2008).

The administrative judge characterized the appellant's claims concerning harassment as pertaining to three different alleged disclosures: (1) the appellant

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] Most of the alleged retaliatory events at issue in this appeal occurred before the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act (WPEA), Pub. L. No. 112-199, 126 Stat 1465, but some occurred after the effective date. However, our analysis concerning whether the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8) is the same under both pre- and post-WPEA law.

reported that the Principal abused her authority when she subjected him to harassment while he was on extended medical leave by repeatedly seeking medical documentation from him; (2) he reported that the Principal and the Acting Kindergarten Assistant Principal abused their authority generally by harassing him; and (3) he reported that the Principal and the Acting Kindergarten Assistant Principal's harassment was based on his disability. ID at 10-17.

First, regarding the appellant's alleged disclosure that the Principal abused her authority and/or harassed him by seeking medical documentation, the administrative judge found that the appellant's testimony on this issue was vague, unconvincing, and improbable and that a reasonable person would not have considered the Principal's treatment to be harassing behavior that could be deemed an abuse of authority. ID at 10-12. The appellant does not dispute this finding on review, and we discern no error in the administrative judge's analysis.

Second, regarding the appellant's alleged disclosure that the Principal and the Acting Kindergarten Assistant Principal harassed him generally, the appellant contends that he reported to an educational consulting firm on February 29, 2012, that the Acting Kindergarten Assistant Principal created a hostile work environment and reported to the BIE Associate Deputy Director on April 14, 2012, that the Principal bullied him and created a hostile work environment. ID at 5-6; IAF, Tab 9 at 137. It is unclear from the record what details, if any, the appellant reported to the firm or the Deputy Director concerning his alleged hostile work environment or bullying claims. Indeed, the administrative judge found that the appellant's testimony on this issue was vague, unconvincing, and improbable. ID at 15. Even assuming that the appellant reported all of the issues discussed in the initial decision, the administrative judge found that a reasonable person in the appellant's position would not have concluded that the Principal or the Acting Kindergarten Assistant Principal abused their authority by creating a hostile work environment. ID at 12-16.

In particular, the administrative judge found that the appellant testified that his working relationship with the Principal prior to his extended leave was cordial. ID at 12. She found that the harassment the appellant identified merely amounted to his perceived lack of responsiveness on the part of the Principal to his complaints about his working relationship with the Acting Kindergarten Assistant Principal and his other work-related concerns. ID at 12-13. Regarding the Acting Kindergarten Assistant Principal, the administrative judge found that the appellant's claim of harassment stemmed from his difficulty adapting to the work environment, which required him to share responsibilities with the Acting Kindergarten Assistant Principal with whom he disagreed over day-to-day matters, such as staff training and assignments and the proper handling of individual education plans for special education students. ID at 14-15. She further found that the appellant and the Acting Kindergarten Assistant Principal did not have a good working relationship, and each complained to the Principal about the other's alleged inappropriate behavior. ID at 15. We discern no error in the administrative judge's conclusion that a reasonable person would not have considered the Principal's or the Acting Kindergarten Assistant Principal's behavior to amount to an abuse of authority. *See Carr v. Department of Defense*, 61 M.S.P.R. 172, 181 (1994) (finding that the appellant's broad and imprecise assertions that he was being harassed and subjected to a stressful work environment did not constitute a disclosure of an abuse of authority).

On review, the appellant argues that the administrative judge erred in finding that his report that the Principal and the Acting Kindergarten Assistant Principal subjected him to a hostile work environment did not amount to a protected disclosure, and he sets forth various facts that he appears to contend support his belief that he was subjected to a hostile work environment. PFR File, Tab 3 at 16. For example, he makes various arguments about his role at CEBS and asserts that he expected to report to work overseeing the entire K-2 program as discussed in his interview and that the Principal abused her authority by

splitting those duties between him and the Acting Kindergarten Assistant Principal, whom he contends was not qualified to oversee the kindergarten class. *Id.* at 16-17. To the extent the appellant is reiterating his argument that the Acting Kindergarten Assistant Principal was improperly serving in her role without proper certification, the administrative judge considered this as a separate disclosure and found that the appellant made a protected disclosure that the Acting Kindergarten Assistant Principal at CEBS lacked necessary certification. ID at 18-20.

Third, regarding the appellant's claim that the Principal and the Acting Kindergarten Assistant Principal's harassment was due to his disability, the administrative judge found that the appellant failed to present credible evidence that he was subjected to a hostile work environment based on discrimination and, thus, failed to prove that he made a protected disclosure based on a violation of Title VII of the Civil Rights Act of 1964. ID at 17. It is unclear from the record whether the appellant ever reported to anyone that he believed the alleged harassment was based on his disability. To the extent he is alleging as much, however, such a claim would not amount to a protected disclosure because disclosures that are limited to equal employment opportunity matters that are covered under 5 U.S.C. § 2302(b)(1) and (b)(9) are excluded from coverage under section 2302(b)(8). *See McCray v. Department of the Army*, 2023 MSPB 10, ¶ 22 (finding that a disclosure of disability discrimination or other practice made unlawful by the Rehabilitation Act is not protected under 5 U.S.C. § 2302(b)(8)); *see also Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329-30 (Fed. Cir. 2020) (stating that allegations of retaliation for exercising a Title VII right do not fall within the scope of section 2302(b)(8)). Thus, we modify the initial decision to vacate the administrative judge's findings on this issue and instead find that the appellant failed to prove that he made a protected disclosure for the reasons set forth above.

<u>The administrative judge properly found that the appellant failed to prove that any of his protected disclosures were a contributing factor in the agency's personnel actions.</u>

The administrative judge found that the appellant proved by preponderant evidence that he was subjected to personnel actions when he was: (1) threatened with being placed in an AWOL status; (2) terminated from his employment; and (3) not selected for BIE contract education personnel positions. ID at 21-22. Regarding the appellant's claim that he was subjected to a hostile work environment, the administrative judge found that the appellant's allegations, as detailed above, did not amount to a significant change in job duties, responsibilities, or working conditions, and thus, they did not amount to a personnel action. ID at 12-16. The appellant does not challenge this finding on review, and we discern no error in the administrative judge's finding to the extent that the appellant's allegations fail to establish that the agency's actions, individually or collectively, had practical and significant effects on the overall nature and quality of his working conditions, duties, or responsibilities. *See Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶¶ 16, 26-29 (finding that the appellant failed to prove by preponderant evidence that his allegations of a hostile work environment amounted to a significant change in duties when he alleged that his supervisor failed to communicate with him, avoided him or walked away from him, was unresponsive to his requests for guidance, and yelled at him and excluded him from meetings).

Regarding the threatened AWOL, the administrative judge found that the appellant failed to prove that his protected disclosures were a contributing factor in the agency's decision because the threatened AWOL occurred prior to his protected disclosures. ID at 23. Regarding the appellant's termination and nonselections, the administrative judge applied the knowledge/timing test and found that the appellant failed to present any evidence that the individuals who decided to terminate his employment and not to select him were aware of his prior

protected disclosures. ID at 23-26. However, the knowledge/timing test is not the only way an appellant can establish that his protected disclosures were a contributing factor in the agency's decision to take a personnel action against him. It is the agency, not its individual officials, from whom an appellant seeks corrective action, and actual knowledge by a single official is not dispositive. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 12 (2012).

The Board has held that, if an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding officials, and whether they had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15; *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 156 (1995). We note that these factors are a nonexhaustive list of the evidence that may be relevant to a contributing factor determination. *See Dorney*, 117 M.S.P.R. 480, ¶ 15. Because the administrative judge did not address the alternative to the knowledge/timing test set forth in *Dorney*, we modify the initial decision to do so.

Regarding the strength of the evidence, we find that the agency had strong evidence for its termination decision. The record reflects that the Principal, who made the decision to terminate the appellant due to performance issues, took steps to start the termination process with human resources as of at least January 11, 2012, prior to any of the appellant's alleged disclosures. IAF, Tab 81 at 10. Next, we find that the appellant's disclosures were directed, at least in part, at the Principal who chose to have the Acting Assistant Kindergarten Principal assist the appellant and who would presumably have been responsible for addressing the various safety issues at the school. IAF, Tab 81 at 29. However, regarding the alleged safety violations, the administrative judge credited the Principal's testimony that numerous safety issues were reported annually and were widely known but that there was simply not enough funding for larger repair projects.

ID at 17-18. Additionally, regarding the Acting Kindergarten Assistant Principal's qualifications, the administrative judge found that agency policy permitted her to be detailed into the position even without all of the required qualifications. ID at 19. Finally, as discussed above, the administrative judge found that the Principal did not have knowledge of the appellant's disclosures, and thus, we find she could not have had a motive to retaliate. *Geyer v. Department of Justice*, 70 M.S.P.R. 682, 693 (1996) (observing that disclosures of which a deciding official has neither knowledge nor constructive knowledge cannot contribute toward any retaliatory motive on his part), *aff'd per curiam*, 116 F.3d 1497 (Fed. Cir. 1997) (Table).

Regarding the appellant's claims that, following his termination, he was not selected for various positions, the appellant has not clearly identified the positions to which he is referring.[4] Before the Office of Special Counsel, he alleged that he had applied to at least 12 positions but received no offers. IAF, Tab 2 at 3-4. He also alleged in his Board pleadings and testimony that he applied for over 650 positions in community settings across the country. IAF, Tab 83 at 47, Tab 177 at 18. However, the appellant only identified two specific

---

[4] On review, the appellant argues that the administrative judge erred in failing to address all of his nonselection claims. PFR File, Tab 3 at 21. However, he does not identify any specific nonselections that the administrative judge failed to consider, but rather, he asks that the Board review the hiring process for all BIA/BIE positions for which he applied from 2012 to 2017. PFR File, Tab 3 at 22. However, in an IRA appeal, the Board's jurisdiction is limited to adjudicating the whistleblower allegations. *See, e.g.*, *Ramos v. Department of the Treasury*, 72 M.S.P.R. 235, 240 (1996). The appellant also argues that the administrative judge erred in finding that he failed to exhaust his remedy with the Office of Special Counsel (OSC) concerning his claim that he was not selected for additional positions. PFR File, Tab 3 at 22. However, even assuming such claims were exhausted, the appellant has not provided sufficient information to identify the relevant nonselections or to establish that his protected disclosures were a contributing factor in the decisions not to select him. Finally, the appellant's argument that the agency failed to provide him with the information he requested concerning his nonselections, PFR File, Tab 3 at 22, is unavailing. The appellant filed a motion to compel the agency to produce certain information, but it did not address his nonselection claims. IAF, Tab 42.

Principal and Assistant Principal positions.[5] IAF, Tab 9 at 10, 112. Indeed, the agency requested clarification regarding the specific positions for which the appellant alleged he was not selected. IAF, Tab 15.

The lack of clarity regarding the appellant's nonselection claims makes the contributing factor analysis difficult. The appellant offers virtually no evidence regarding the strength or weaknesses of the agency's reasons for not selecting him for any of the positions, including the Principal and the Assistant Principal positions. It is the appellant's burden to establish that his protected disclosures and/or activity were a contributing factor to a personnel action and this lack of evidence cuts against him. The appellant argues that he was not selected for positions due to whistleblower reprisal because he is Native American, has a rating of 94, and the agency could not select a non-Native American candidate if a qualified Native American candidate was available. IAF, Tab 9 at 10. However, the appellant does not allege or offer any evidence that the agency selected a non-Native American candidate over him for any of the positions. Nor does he allege that he was more qualified than any individual who was selected. ID at 29.

Regarding the remaining *Dorney* factors, there is no evidence that the appellant's protected disclosures were personally directed at any of the selecting officials.[6] And, as noted, the administrative judge credited the testimony of the selecting officials for the two identified positions that they were not aware of the appellant's disclosures. Therefore, they could not have had a motive to retaliate. Finally, the appellant argues that the decisions not to select him were motivated by reasons other than whistleblower reprisal. IAF, Tab 83 at 48. Specifically, he

---

[5] The record also includes documents regarding various other positions. IAF, Tab 167 at 43-56, Tab 168 at 30-39, Tab 169 at 30-39.

[6] Although the appellant alleged that the Acting Kindergarten Assistant Principal, about whom he complained lacked proper certification, served on several committees that interviewed him, IAF, Tab 83 at 48, the administrative judge found that the appellant provided no evidence to support his claim and, in any event, did not provide any evidence that this individual was aware of his protected disclosures, ID at 25 n.15.

asserts that applicants were rarely hired regardless of their qualifications because staff who served in an acting capacity for the positions often served on the hiring committees and routinely found no qualified applications so that they could continue in their acting positions. *Id.* Such an argument fails to support his claim that he was not selected in reprisal or his protected disclosures. Based on the foregoing, we find that the appellant failed to prove by preponderant evidence that his disclosures were a contributing factor in the agency's decisions to terminate him and not to select him for various positions.

<u>The administrative judge properly analyzed the appellant's claims under the Whistleblower Protection Act (WPA), as amended by the Whistleblower Protection Enhancement Act of 2012 (WPEA).</u>

On review, the appellant contends that the administrative judge erred in applying the provisions of the WPA instead of the WPEA. PFR File, Tab 3 at 25-26. Effective December 27, 2012, the WPEA created new Board appeal rights in IRA appeals for employees who allege that a personnel action has been taken as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A)-(D). Pub. L. No. 112-199, 126 Stat 1465. However, as the administrative judge properly stated, the Board has declined to give retroactive effect to the new appeal rights for activities protected under section 2302(b)(9). ID at 7 n.4. Thus, she found that the Board lacks jurisdiction over the appellant's claims that any of the agency's personnel actions that occurred prior to December 27, 2012, were in retaliation for protected activity under section 2302(b)(9). ID at 7 n.4. Except for the appellant's nonselections, the personnel actions at issue in this appeal all occurred prior to the WPEA's enactment. As to the appellant's nonselections that occurred after the December 27, 2012 effective date, we apply the WPEA. *See Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 50-51. To the extent the appellant is alleging that his nonselections after December 27, 2012, constituted reprisal for protected activity under section 2302(b)(9)(C), disclosing to the OIG that the

Acting Kindergarten Assistant Principal lacked necessary certification, as discussed above, we find that he has not proven that such activity was a contributing factor in his nonselections.[7]

The appellant's remaining arguments do not provide a basis for reversal.

The appellant identifies various alleged errors in the administrative judge's factual findings. For example, he challenges her finding that CEBS was operated by BIE and the Eagle Butte School District and that the Principal decided to split the job duties of overseeing kindergarten to second grade between him and another employee. PFR File, Tab 3 at 6-7. However, such arguments do not provide a basis for reversal because the appellant has not explained how any of these alleged factual errors are relevant to the dispositive issue of whether he made a protected disclosure that was a contributing factor in the agency's personnel actions. *See* 5 C.F.R. § 1201.115 (explaining that the Board will only grant a petition for review based on a showing that the initial decision contains erroneous findings of fact if such factual errors are material, meaning that they are of sufficient weight to warrant an outcome different from that of the initial decision).

Additionally, the appellant makes various arguments concerning the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken its actions absent the appellant's protected disclosures. For example, he contends that the administrative judge erred in finding that agency policy authorized CEBS to temporarily place a special

---

[7] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code. In particular, it amended 5 U.S.C. § 2302(b)(9)(C) to include disclosing information to the Inspector General "or any other component responsible for internal investigation or review." 131 Stat. 1283, 1616. However, the result would be the same under both pre- and post-NDAA law because the appellant disclosed information to the agency's Inspector General. We also have reviewed the other relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

education teacher in the Acting Assistant Kindergarten Principal position without necessary credentials. PFR File, Tab 3 at 7-9, 24. He also disputes the administrative judge's findings regarding when the Principal made the decision to terminate his employment and argues that the administrative judge erred in failing to consider his arguments showing that the reasons for his termination were unfounded. *Id.* at 9, 11-16. Such arguments similarly fail to show any error in the administrative judge's finding that the appellant failed to make a protected disclosure that was a contributing factor in the agency's personnel actions and, thus, do not provide a basis for reversal.

Nonetheless, given the administrative judge's correct finding that the appellant failed to prove his prima facie case, it is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the same personnel actions against the appellant absent his protected disclosures. *See* 5 U.S.C. § 1221(e)(2); *Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014) (stating that the Board may not proceed to the clear and convincing evidence test unless it has first determined that the appellant established his prima facie case), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's protected disclosures.

The appellant's arguments concerning procedural error do not provide a basis for reversal.

On review, the appellant also argues that the administrative judge committed various procedural errors, but we conclude that none of these alleged errors warrants reversing the initial decision. For example, the appellant argues that he was prejudiced by the overall length of time it took to adjudicate his appeal in that he was denied legal representation due to the cost of the extended process. PFR File, Tab 3 at 29. However, the Board generally has found that an appellant's lack of representation does not provide a basis for granting review.

*See, e.g.*, *Feathers v. Office of Personnel Management*, 27 M.S.P.R. 485, 487 (1985). Additionally, it appears that the appellant was initially represented by counsel and later designated his wife as his representative. IAF, Tabs 30-31, 70, 170. Although the appellant may have been unable to afford what he considers to be adequate representation, a claim of inadequate representation does not provide grounds for Board review. *See Wadley v. Department of the Army*, 90 M.S.P.R. 148, ¶ 5 (2001); *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 5 (2001), *aff'd*, 41 F. App'x 421 (Fed. Cir. 2002).

The appellant also contends that technological issues related to lag time, which are not reflected on the hearing compact discs, nonetheless interfered with the hearing. PFR File, Tab 3 at 29. He does not, however, explain the nature of these technical difficulties or how he was prejudiced by them. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision). He also argues that the administrative judge directed his representative to cease referring to multiple documents in the record, which altered her approach to questioning and limited relevant testimony, and the administrative judge improperly limited his representative's questions regarding his disability, but he fails to offer any details concerning which testimony was improperly limited or how it was prejudicial to him. PFR File, Tab 3 at 29-30. Lastly, he argues that the administrative judge improperly denied his proposed witnesses, but he fails to explain how their proposed testimony was relevant or how denying such witnesses prejudiced him. *Id.* at 30; *see Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010) (stating that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed).

Accordingly, we affirm the initial decision denying the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.