**Ervin H. ABNEY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3369.

United States Court of Appeals, Federal Circuit.

DECIDED: July 15, 2002.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and GAJARSA, Circuit Judge.

Opinion for the court filed by Circuit Judge RADER. Dissenting opinion filed by Senior Circuit Judge FRIEDMAN.

RADER, Circuit Judge.

The Merit Systems Protection Board dismissed Ervin H. Abney's petition as untimely filed. *Ervin H. Abney v. Office of Pers. Mgmt.*, 89 M.S.P.R. 305 (M.S.P.B. 2001). For the reasons stated below this court *affirms*.

I.

On October 28, 1997, the Office of Personnel Management (OPM) issued a deci-

sion resolving issues pertaining to certain civil service annuity overpayments Mr. Abney received. Mr. Abney appealed to the MSPB. On March 18, 1998, the MSPB vacated and remanded OPM's decision. *Ervin H. Abney v. Office of Pers. Mgmt.*, No. DC–831M–98–0106–I–1 (MSPB, Washington, D.C. Mar. 18, 1998) (first initial decision). That decision notified Mr. Abney that it would "become final on April 22, 1998." It informed him, furthermore, that "this is usually the last day on which you can file a petition for review with the Board." *Id.*

In response to the MSPB's remand order, OPM issued another decision on December 7, 1998. On December 17, 1998, Mr. Abney appealed that decision to the MSPB, which affirmed on March 23, 1999. *Ervin H. Abney v. Office of Pers. Mgmt.*, No. DC–831M–98–0179–I–1 (MSPB, Washington, D.C. Mar. 23, 1999) (second initial decision). The second initial decision notified Mr. Abney that a "petition [for review] must be postmarked, faxed, or hand-delivered no later than the date this initial decision becomes final, or if this initial decision is received by you[, Mr. Abney,] more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision." *Id.* That decision became final on April 27, 1999.

On December 26, 2000, Mr. Abney filed a petition for review. By its terms, that petition sought review of the MSPB's March 18, 1998, first initial decision, which had become final approximately two years and eight months before. Even with respect to the second initial decision, Mr. Abney filed approximately one year and eight months after that decision became final. Mr. Abney moved the MSPB to accept his filing as timely or to waive or set aside the time limit.

On August 28, 2001 the MSPB issued a final opinion and order dismissing Mr. Ab-

ney's petition for review as untimely filed with no showing of good cause for delay. Mr. Abney filed notice of appeal with this court on September 6, 2001.

## II.

This court has exclusive jurisdiction of final orders or decisions of the Merit Systems Protection Board. 28 U.S.C. § 1295(a)(9) (2000). This court must affirm the Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

Absent good cause for delay, a petition for review must be filed within 35 days after the issuance of the initial decision, or within 30 days after the date the appellant received the initial decision, if the petition shows that the initial decision was received more than 5 days after the date of issuance. 5 C.F.R. § 1201.114(d) (1998). The appellant has the burden to show by a preponderance of the evidence that his petition for review was timely filed or that good cause existed for the delay. *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650 (Fed.Cir.1992).

Mr. Abney does not contest that the Board informed him of the appeal deadlines for both its first and second initial decisions. Nevertheless, Mr. Abney filed his petition for review more than one year after either MSPB initial decisions became final to which he might earlier have obtained review. In sum, Mr. Abney's petition is untimely even with respect to the MSPB's later second initial decision.

Moreover, Mr. Abney failed to establish good cause for his delay. To establish good cause for delay in filing an appeal or

a petition for review, the MSPB considers the following factors:

> the length of the delay; whether the appellant was notified of the time limit or otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of prejudice to the agency which would result from waiver of the time limit.

*Alonzo v. Dep't of Air Force,* 4 MSPB 262, 4 M.S.P.R. 180, 184 (1980). This court has cited the *Alonzo* factors with approval. *Yuni v. Merit Sys. Prot. Bd.,* 784 F.2d 381, 384 (Fed.Cir.1986); *Walls v. Merit Sys. Prot. Bd.,* 29 F.3d 1578, 1582 (Fed.Cir. 1994).

Mr. Abney makes several arguments that he alleges demonstrate good cause for his delay. The MSPB considered fully and rejected those arguments in its well reasoned opinion. More specifically, the MSPB determined that Mr. Abney failed to demonstrate good cause in view of the exceptional length of Mr. Abney's delay; Mr. Abney's notice of the filing deadline; the absence of circumstances beyond his control; and his failure to show unavoidable casualty or misfortune. In sum, this court holds that substantial evidence supports the MSPB's decision that Mr. Abney did not show good cause for his delay, and that that decision is in accordance with the law.

## CONCLUSION

Because the Board's decision that Mr. Abney untimely filed his petition for review without good cause is in accordance with the law and is supported by substantial evidence, this court affirms.

FRIEDMAN, Senior Circuit Judge, dissenting.

I cannot join in this opinion because I do not think it adequately addresses the issues in this case.

1. The underlying question on the merits is whether the Office of Personnel Management ("OPM") correctly ruled that because Abney, a civil service retiree, had received both Civil Service retirement benefits and Office of Workers Compensation benefits, which under 5 U.S.C. § 8337(f) he was not permitted to do, he owed the government approximately $10,000, for which OPM refused to waive repayment.

Abney challenged OPM's reconsideration decision so ruling before the Board. On March 23, 1999 the Board's administrative judge issued an initial decision affirming OPM's ruling. The decision informed Abney that it would become final on April 27, 1999, unless by that date he filed a petition for review with the Board. It also stated that such petition to review "must be postmarked, faxed, or hand-delivered no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision." Abney filed a petition to review that decision with the Board on December 19, 2000, almost twenty months later. In a six-page opinion, the full Board denied the petition as untimely, ruling that Abney had not shown good cause for his filing delay.

The court's opinion appears to rule on only the Board's dismissal of Abney's petition for review as untimely. Abney's informal brief, however, appears primarily to challenge OPM's decision requiring the refund of the alleged overpayment he re-

ceived. Abney is appearing pro se, and his contentions are not clearly expressed. He does state, however, that "I asked for a record showing my payment they said I received. Never received a copy of that. I ask for proof never received it;" that "I do know that they did not overpay me. Why can't they show me some documentation of these changes?" and that "I want this case dropped if they can't show me the document that prove that I had double indemnity. I would like for all my money be return if not with interest. And be compensated for my in convenience." Viewing these statements with the tolerance we normally apply to pro se litigants' documents, I think Abney's untutored allegations claim that OPM improperly concluded that he had been overpaid.

This conclusion is consistent with Abney's notice of appeal filed with this court. That document is a form of this court captioned "PETITION FOR REVIEW OF DECISION OF ADMINISTRATIVE JUDGE." Although the Board's opinion dismissing Abney's petition for review was appended to the petition to this court, nothing in the latter petition indicates that Abney was challenging only the Board's refusal to review the administrative judge's decision, but not the latter decision itself.

2. There also is a question whether we lack jurisdiction because Abney's appeal to this court was untimely. The administrative judge's initial decision told Abney that that decision would become final on April 27, 1999, unless he filed a petition to review with the Board by that date, which he did not do. Abney had sixty days after the Board's decision became final to appeal to this court. 5 U.S.C. § 7703(b)(1). We normally cannot waive that time limit. *See Pinat v. Office of Personnel Management,* 931 F.2d 1544, 1546 (Fed.Cir.1991). Abney's petition to review was filed in this court on September 6, 2001. On its face, Abney's appeal appears grossly untimely.

There is one possible complication in this analysis. In its opinion and order dismissing the petition for review, the Board included the boilerplate "NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS" that: "You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.... The court must receive your request for review no later than 60 calendar days after your receipt of this order." Abney filed his appeal to this court on September 6, 2001, well within sixty days of the Board's order of August 28, 2001 dismissing his petition to review as untimely. Although the Board cannot extend a litigant's statutory time for appeal, it seems troublesome to dismiss a pro se litigant's appeal as untimely when he complied with the time limits the Board told him he had.