# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENISE ANDREWS,
                    Appellant,

v.

DEPARTMENT OF DEFENSE,
                    Agency.

DOCKET NUMBER
DC-0752-20-0880-I-1

DATE: August 7, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Denise Andrews, Woodbridge, Virginia, pro se.

Brittany Dozier, Fort Gregg-Adams, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant resigned effective August 28, 2020, during her probationary period from her position as a Sales Store Checker due to concerns related to COVID-19.  Initial Appeal File (IAF), Tab 5.  She subsequently filed a Board appeal alleging that she believed the agency could have offered her a telework position or office work.  IAF, Tab 1 at 3.  The appellant elected to be an e-filer. *Id*. at 2.  After informing the appellant of the applicable legal standard for establishing jurisdiction over a claimed involuntary resignation, and affording her the opportunity to file evidence and/or argument demonstrating that the Board had jurisdiction over her appeal, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that her claim of involuntary resignation was within the Board's jurisdiction.  IAF, Tab 3, Tab 7, Initial Decision (ID) at 5. The initial decision specifically stated that the deadline to file a petition for review was November 19, 2020.  ID at 6.

The appellant filed her petition for review on April 14, 2021, stating that she did not receive "a notice," explaining that she had encountered "stress and financial hardship," that she had learned new facts including that it was now mandatory for all patrons to wear masks and that the former store manager was no longer employed there, and that she was subjected to race and age discrimination. Petition for Review (PFR) File, Tab 1 at 3-4.  The appellant also claimed that she was "left in the dark" regarding her case, that the agency assigned her a representative that never contacted her and she does not know what was presented or considered in the decision, and that she only learned that the case was closed after she emailed the Board regarding the status of her case.  *Id*. at 3-5.  The agency did not file a response to the petition for review.

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

The deadline for filing a petition for review in this appeal was November 19, 2020. ID at 6. The appellant filed her petition for review nearly 5 months later, on April 14, 2021. PFR File, Tab 1. Such a filing delay is significant. *Kroeger v. U.S. Postal Service*, 112 M.S.P.R. 488, ¶ 7 (2009) (finding that a 5-month delay in filing a petition for review is significant); *Guevara v. Department of the Navy*, 112 M.S.P.R. 39, ¶ 7 (2009) (finding a delay of over 5 months significant); *Waldo v. Department of the Air Force*, 91 M.S.P.R. 326, ¶ 5 (2002) (same). We recognize that the appellant is pro se, but the assertions in her petition for review do not offer a persuasive excuse, show that

she acted with diligence, or set forth circumstances beyond the appellant's control that affected her ability to comply with the filing limit.[2] PFR File, Tab 1. While the appellant claims that she was not provided "a notice" regarding her case, she does not provide any evidence demonstrating that she did not receive the initial decision.[3] PFR File, Tab 1 at 3-5. Nevertheless, the appellant registered as an e-filer and the initial decision was served electronically on the appellant. IAF, Tab 1 at 2, Tab 8. Our e-filer regulations provide that, as a registered e-filer, the appellant agreed to accept documents through electronic service and, further, that she is required to monitor her case activity at the Repository at e-Appeal Online to ensure that she received all case related documents. *Rivera*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(e)(1), (j)(3) (2020). Moreover, our regulations provide that pleadings and Board documents served electronically on registered e-filers are deemed received on the date of electronic submissions. *Rivera*, 111 M.S.P.R. 581, ¶ 5; 5 C.F.R. § 1201.14(m)(2) (2020). When a statute or regulations "deems" something to have been done, the event is considered to have occurred whether or not it actually did. *Rivera*, 111 M.S.P.R. 581, ¶ 5. Thus, we deem the appellant to have received the initial decision on October 15, 2020, and therefore, her petition for review was filed approximately 5 months late. IAF, Tab 8; PFR File, Tab 1.

Furthermore, the appellant has presented no circumstances beyond her control that would have prevented her from filing the petition for review in a

---

[2] The appellant makes several arguments on review which address the merits of her case, such as claiming that she was subjected to discrimination on the basis of race and age. PFR File, Tab 1 at 4. These arguments are not relevant to the issue of timeliness, and thus, we need not address them. *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 4 (2001), *aff'd*, 41 F. App'x 421 (Fed. Cir. 2002).

[3] The appellant seems to believe that the agency assigned a representative to her to represent her throughout the appeal process. PFR File, Tab 1 at 3-5. This is incorrect —the agency designated a representative to represent the agency, not the appellant. IAF, Tab 4. Thus to the extent that the appellant argues that she was the victim of her representative's error, because she did not have a representative, we need not address this claim.

timely fashion. On the contrary, her explanation demonstrates that she failed to act with ordinary prudence or due diligence. The appellant was responsible for monitoring the progress of her appeal and monitoring case activity on e-Appeal Online to ensure that she received all case related documents. 5 C.F.R. § 1201.14(j)(3) (2020); *see Jones v. Office of Personnel Management*, 93 M.S.P.R. 50, ¶ 5 (2002) (stating that the appellant had an obligation to diligently monitor the progress of her appeal at all times and failure to do so indicated a lack of due diligence). Not only did she fail to properly monitor her case, but she also waited for several months before following up with the Board to determine the status of her case.[4] PFR File, Tab 1 at 3-5. Therefore, we do not find that the appellant established good cause for her filing delay.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the involuntary resignation appeal.

### NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] Although the appellant claims that she emailed the Board for a case update, she does not provide a copy of the email. PFR File, Tab 1 at 3-4. We therefore assume that she checked on the status of her case around the time that she filed her petition for review. Even if she emailed the Board earlier, we still do not find that she acted with due diligence, as she either waited several months to check on the status of her case, or she waited for several months to file a petition for review despite knowing her case was closed. Either set of facts does not demonstrate that the appellant acted with the level of ordinary prudence necessary to establish good cause.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.