# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TYRONE L. ARMSTEAD,
          Appellant,

    v.

OFFICE OF PERSONNEL
    MANAGEMENT,
          Agency.

DOCKET NUMBER
DA-0831-11-0437-I-1

DATE: August 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tyrone L. Armstead</u>, Cedar Hill, Texas, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) reducing his retirement annuity under the Civil Service Retirement System (CSRS) by eliminating credit for his post-1956 military service. For the reasons

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

Effective June 3, 2005, the appellant retired under the CSRS from Federal civilian service with the U.S. Postal Service.  Initial Appeal File (IAF), Tab 4 at 1, 17, 25, 29.  On April 19, 2010, OPM issued a final decision recomputing his annuity to eliminate credit for his post-1956 military service.  *Id*. at 7-8.  The appellant timely appealed OPM's final decision and an administrative judge issued an initial decision affirming OPM's decision.  IAF, Tab 9, Initial Decision (ID) at 1, 7.  The initial decision included instructions that it would become final on September 22, 2011, unless a petition for review was filed by that date.  *Id*. at 7.

In January 2021, the appellant filed the petition for review currently before us.  Petition for Review (PFR) File, Tab 1.  The Office of the Clerk of the Board issued an acknowledgment letter, advising the appellant that his petition for review was untimely filed and informing him that he must establish good cause for the untimely filing, to which he responded.  PFR File, Tab 2 at 1-2, Tab 5 at 3-4.  The agency responded to the appellant's petition for review.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the initial decision was issued on August 18, 2011, and sent to the appellant via U.S. mail the same day.  ID at 1; IAF, Tab 10.  The appellant has not alleged that he received the initial decision more than 5 days after the date of issuance, thus the deadline to file a petition for review was in September 2011.  He filed his petition

for review in January 2021; therefore, his petition for review is untimely by over 9 years. PFR File, Tab 1.

The Board generally will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In his motion for the Board to accept his untimely filed petition for review, the appellant signed a statement, swearing under penalty of perjury that "[he] was so discusted [sic] at the time with the whole matter that [he] let the deadline catch up with [him]." PFR File, Tab 5 at 3. He also claimed, amongst other things, that he was dealing with the deaths of both his mother and wife, so "[he] just gave up." *Id.* at 3-4. The Board has held that general references to a relative's death do not provide a basis to waive the filing deadline. *Keys v. Office of Personnel Management*, 113 M.S.P.R. 173, ¶ 7 (2010). The appellant's mother died in January 2009, over 2 years prior to the September 2011 filing deadline. PFR File, Tab 5 at 5. His wife died in January 2010, over a year before the filing deadline. *Id.* at 6. However, nothing in the record indicates how these events affected his ability to timely file his appeal. As such, his relatives' deaths do not establish good cause for the untimely filing of the petition for review.

The appellant also argues generally that he "was to [sic] confused and did not know what else to do." *Id.* at 3. In order to establish good cause, an

appellant's confusion must relate to a specific ambiguity in either the instructions he received or in a Board procedure. *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 6 (2001), *aff'd*, 41 F. App'x 421 (Fed. Cir. 2002). Here, the record shows, and the appellant does not dispute, that the initial decision provided him with the exact date on which it would become final unless a petition for review was filed and specific filing instructions. ID at 7-9. Thus, his general allegation that he was confused does not establish good cause for his untimely filing.

Although the appellant is pro se, his filing delay of over 9 years is significant. *See Brockman v. Department of Defense*, 108 M.S.P.R. 490, ¶¶ 7-9 (2008) (finding that a 9-year delay in filing a petition for review was "significant," and declining to excuse the untimeliness of the petition, even considering the appellant's pro se status). In addition, the fact that the appellant is proceeding pro se does not justify waiving the filing deadline because there has been no showing that the appellant exercised due diligence or ordinary prudence in this case. *See id.*

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the reduction of the appellant's annuity benefits.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.