# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT J. TROISE,
                     Appellant,

v.

DEPARTMENT OF THE TREASURY,
                     Agency.

DOCKET NUMBER
CH-3443-20-0230-I-1

DATE: September 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert J. Troise, Wichita Falls, Texas, pro se.

Aaron J. Bennett, Esquire, and Bridgette M. Gibson, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

In February 2020, the appellant filed his initial appeal challenging his nonselection for a position due to alleged suitability concerns. Initial Appeal File (IAF), Tab 1. On March 20, 2020, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction with a finality date of April 24, 2020. IAF, Tab 13, Initial Decision (ID) at 1, 6. The appellant filed the instant petition for review on September 23, 2020. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

The appellant's petition for review was due on or before April 24, 2020. ID at 6; *see* 5 C.F.R. § 1201.114(e). It was filed approximately 5 months late, on

September 23, 2020. PFR File, Tab 1. Applying the factors above, we find that the appellant has failed to establish good cause for his approximately 5-month delay in filing his petition for review. Although he is proceeding pro se, a 5-month delay is significant. *See, e.g.*, *Mashack v. U.S. Postal Service*, 96 M.S.P.R. 174, ¶ 8 (2004) (finding a 3½-month delay significant). The appellant states that he was unable to access a library computer to file his appeal due to the COVID-19 pandemic. PFR File, Tab 3 at 1. However, he does not identify whether the library was closed during the entire period between March 20 and September 23, 2020, and he does not explain why he did not attempt to submit pleadings by mail or otherwise contact the Board during this 5-month period. *Id.* Additionally, the appellant filed pleadings in another matter on August 11, 2020, and he does not explain why he was unable to file the instant petition for review on or about August 11, 2020. *Troise v. Department of the Treasury*, MSPB Docket No. CH-3443-20-0230-A-1, Attorney Fees File, Tab 1. The appellant's arguments about the merits of the agency's action are irrelevant to the issue of the timeliness of his petition for review. PFR File, Tab 1 at 1, Tab 3 at 1; *see, e.g.*, *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 4 (2001), *aff'd*, 41 F. App'x 421 (Fed. Cir. 2002). In addition, the appellant's general assertion that he did not know he could ask for an extension of time does not excuse his failure to request an extension in advance of the filing date. *See Mashack*, 96 M.S.P.R. 174, ¶ 9; 5 C.F.R. § 1201.114(f). The appellant therefore failed to establish that he exercised ordinary prudence under the circumstances.

To the extent the appellant is contending that the documents he submits on review constitute new and material evidence that would justify his untimely filing, he fails to provide a basis for waiving the filing deadline. PFR File, Tabs 1, 3. One of the documents the appellant submits on review was previously submitted to the administrative judge and is not new. IAF, Tab 5 at 2; PFR File, Tab 1 at 2; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). The appellant submits two documents that are dated after the issuance of the

initial decision, including a June 18, 2020 memo from the Department of the Army regarding its security investigation of the appellant and a September 29, 2020 letter from the Federal Emergency Management Agency (FEMA), confirming authorization from FEMA's security department to move forward with the appellant's onboarding. PFR File, Tab 1 at 3, Tab 3 at 3. The appellant did not act diligently in bringing the June 18 memo to the Board's attention because he delayed filing it by more than 3 months. *See Jenkins-Nye v. General Services Administration*, 34 M.S.P.R. 382, 384-85 (1987) (finding that a more than 2-month delay between discovery of alleged new evidence and filing it with the Board did not constitute due diligence). Even if the appellant had diligently brought the June 18 memo to the Board's attention, the appellant's point regarding the document is duplicative of arguments made before the administrative judge, i.e., that he had been given a clear background check at the time of the nonselection, and is not relevant to the issues of timeliness or jurisdiction. ID at 5; IAF, Tab 1 at 5, Tab 5 at 1; PFR File, Tab 1 at 1; *see, e.g.*, *Abney*, 89 M.S.P.R. 305, ¶ 4 (holding arguments related to the merits are not relevant to timeliness). Similarly, the September 29 email, which is dated after the appellant filed his petition for review and concerns another agency's job offer to the appellant, relates to the merits of the underlying action and is not relevant to jurisdiction or timeliness. PFR File, Tab 3 at 3; *see, e.g.*, *Abney*, 89 M.S.P.R. 305, ¶ 4. Thus, the September 29 email is not new and material evidence. There is no evidence or argument that the agency possessed these documents during the pendency of the appeal and wrongfully withheld them from the appellant, and thus we find no basis to waive the time limit. *Cf. Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1363 (Fed. Cir. 2010) (directing the Board to consider whether an appellant diligently filed with the Board newly discovered evidence related to his claim of fraud, which he alleged the agency wrongfully withheld).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

of the petition for review. The initial decision remains the final decision of the Board regarding its jurisdiction over this appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.