# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KARLA P. BENTON,<br>    Appellant, | DOCKET NUMBER<br>DA-0432-17-0073-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br> SECURITY,<br>    Agency. | DATE: January 8, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Karla P. Benton, Antioch, Tennessee, pro se.

Thomas A. Behe, Esquire, Houston, Texas, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed an appeal of her removal on November 23, 2016. Initial Appeal File (IAF), Tab 1. While the case was pending in front of the administrative judge, the parties reached a settlement agreement that included an agreement from the appellant to withdraw her Board appeal with prejudice. IAF, Tab 27 at 4. Accordingly, on March 2, 2017, the administrative judge dismissed the appeal as settled. IAF, Tab 28, Initial Decision (ID). The initial decision specifically stated that the deadline to file a petition for review was April 6, 2017, and provided information on how to file a petition for review. ID at 3-7. The appellant filed a petition for review via facsimile transmittal on January 28, 2021. Petition for Review (PFR) File, Tab 1.

The Acting Clerk of the Board notified the appellant that, because she filed her petition for review after April 6, 2017, i.e., over 35 days following the issuance of the March 2, 2017 initial decision, it was untimely filed. PFR File, Tab 2 at 1. The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause, and set a deadline for the appellant to file such a motion. *Id*. at 2. The appellant timely responded to the letter, requesting that the Board accept her petition as timely filed or waive the time limit for good cause, arguing, among other things, that: (1) the agency acted improperly during her initial appeal; (2) she was forced to settle; (3) she suffered significant financial distress in the years after her appeal; and (4) there is no deadline to "correct the destruction of [her] life." PFR File, Tab 3 at 4-7. The agency has filed a response in opposition to the appellant's petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing.

5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

The deadline for filing a petition for review in this appeal was April 6, 2017. ID at 3. The appellant filed her petition for review nearly 4 years later, on January 28, 2021. PFR File, Tab 1. Such a filing delay is significant. *Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 10 (2009) (finding a 3-year filing delay significant); *Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 10 (finding a filing delay of over 3 years significant), *aff'd*, 253 F. App'x. 950 (Fed. Cir. 2007). We recognize that the appellant is pro se, but the assertions in her motion to accept the petition for review as timely and/or waive the time limit for good cause do not offer a persuasive excuse, show that she acted with diligence, or set forth circumstances beyond the appellant's control that affected her ability to comply with the filing limit.[2] PFR File, Tab 3 at 4-7. To the extent the appellant is complaining about purported agency misconduct during her initial appeal and that the agency forced her to settle, there is nothing in the record

---

[2] The appellant makes several arguments on review that address the merits of the agency's removal action, such as alleging that the agency committed harmful procedural error, discriminated against her, and committed prohibited personnel practices in removing her. PFR File, Tab 1 at 2-9. These arguments are not relevant to the issue of timeliness, and thus, we need not address them. *Abney v. Office of Personnel Management*, 89 M.S.P.R. 305, ¶ 4 (2001), *aff'd*, 41 F. App'x 421 (Fed. Cir. 2002).

suggesting that the appellant was prevented from raising these arguments in a timely manner.[3]

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board dismissing the appeal as settled.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] The appellant also claims that she contacted the "Clerk of the Board Representative," who "indicat[ed] the additional claims have no time limit on submission" and that "simply writing a letter is sufficient." PFR File, Tab 3 at 6. Similarly, the appellant claims that she had "problems" accessing the Board's system and received "different feedback regarding the first initial appeal process versus re-appeal from local to DC." *Id*. The appellant's claims are vague, as she does not identify any individuals at the Board that she spoke to, the contents of any such conversations or when these conversations occurred, or the specific problems she had accessing the Board's system or when these issues happened. *Id*. Finally, the appellant does not explain how these incidents prevented her from filing her petition for nearly 4 years. *Njoku v. Department of Homeland Security*, 111 M.S.P.R. 469, ¶ 7 (2009) (finding that an appellant's vague statements regarding the filing of his petition for review did not establish good cause); *Glover v. Office of Personnel Management*, 92 M.S.P.R. 48, ¶ 7 (2002) (same), *aff'd*, 66 F. App'x 201 (Fed. Cir. 2003). Accordingly, we find these claims insufficient to establish good cause for waiving the time limit.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.